UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STATE TREASURER,**

        **Plaintiff,**                      **CIVIL ACTION NO. 10-CV-14238**

**vs.**

                                        **DISTRICT JUDGE MARK A. GOLDSMITH**

**EDWARD PENNINGTON,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CAROL J. PENNINGTON,**
**and COMERICA BANK.,**

        **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**: This Court recommends that Plaintiff's motion to dismiss (docket no. 5) should be **GRANTED** insofar as this case should be remanded to the Oakland County Circuit Court.

In light of the above recommendation, the Court recommends that Defendant Edward Pennington's motion for temporary restraining order and/or preliminary injunction (docket no. 2) should be denied as moot without prejudice to the motion being reconsidered should the above recommendation not be adopted.[1]

**II.**    **REPORT**:

This matter comes before the Court on the motion to dismiss filed by Plaintiff Michigan State

---

[1]The notice of removal (docket no. 1) and motion for temporary restraining order and/or preliminary injunction (docket no. 2) indicate that they were filed on behalf of Edward and Carol Pennington. Since only Edward Pennington signed these filings, the Court will construe these as Edward Pennington's filings only.

1

Treasurer. (Docket no. 5). Defendant Edward Pennington filed a response. (Docket no. 7). All pretrial matters have been referred to the undersigned for action. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

**A.     Facts and Procedural History**

Defendant Edward Pennington is a State prisoner currently incarcerated at the Florence Crane Correctional Facility in Coldwater, Michigan. On August 18, 2010 the Michigan State Treasurer filed suit against Defendants Edward Pennington, Carol Pennington, and Comerica Bank in the Oakland County Circuit Court, seeking to recover the costs of Edward Pennington's incarceration pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), MCL 800.401 *et seq*. (Docket no. 5, Ex. 1). Defendant Carol Pennington is the power of attorney for Defendant Pennington and is the alleged co-owner of a joint account at Comerica Bank with Defendant Edward Pennington.

On September 8, 2010 the Honorable Judge John J. McDonald of the Oakland County Circuit Court issued a corrected order to show cause directing Edward Pennington to show cause why his assets should not be applied as reimbursement of his cost of incarceration, and why he should not be ordered to notify General Motors Corporation of his address at the State correctional facility. (Docket no. 5, ex. 3). Defendant Edward Pennington alleges that he received the corrected order on September 22, 2010. (Docket no. 7 at 2).

On October 20, 2010 Judge McDonald held a hearing on the show cause order. Defendants did not appear at the hearing. At the conclusion of the hearing, the court issued a final order finding that Defendant Edward Pennington and his assets are subject to the SCFRA and ordering disbursement of his assets. (Docket no. 5, Ex. 7). The order resolved the last pending claim in the

case. (Docket no. 5, ex. 7).

On October 22, 2010 a notice of removal filed by Defendant Edward Pennington was docketed with this Court. (Docket no. 1). The notice was mailed from the Florence Crane Correctional Facility and is dated September 15, 2010. (Docket no. 1). Defendant Edward Pennington has submitted documents showing that he sent the notice of removal to his attorney on or around September 16, 2010 so that Carol Pennington could sign the document. (Docket no. 7, exs. L, U, and Statement of Facts ¶ 2.16). On September 29, 2010 Defendant Edward Pennington sent a letter to the United States District Court Clerk in Detroit, Michigan stating that he was in the "process of filing" a notice of removal with the Court. (Docket no. 7, ex. U). The letter appears to have been mailed from the prison on September 30, 2010. (Docket no. 7, ex. U). Defendant Edward Pennington sent a second letter dated September 30, 2010 to the United States District Court Clerk informing the Clerk that he was filing a notice of removal. (Docket no. 7, ex. V). The record does not indicate when this letter was mailed, however, Defendant claims that he mailed a notice of removal to the Court on October 1, 2010. (Docket no. 7 at 6 and Statement of Facts ¶ 2.29).

Defendant contends that Carol Pennington delivered a money order along with a letter to the District Court Clerk on October 6, 2010, at which time she was informed that the notice of removal had not been docketed because the filing fee had not been received with the removal notice. (Docket no. 7 Statement of Facts ¶ 2.32). Defendant contends that Carol Pennington submitted the correct filing fee on or after October 13, 2010. (Docket no. 7, Statement of Facts ¶ 2.37).

**B.     Analysis**

Defendant argues *inter alia* that this case should be dismissed because Plaintiff's notice of removal was filed after the Oakland County Circuit Court entered a final order and closed the case.

3

Defendant Edward Pennington argues that the notice of removal was filed before the Circuit Court issued its final order.

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The party seeking removal must file a notice of removal with the district court within thirty days of receipt of the initial pleading or service of summons.  28 U.S.C. § 1446(a)-(b).  After filing the notice of removal, the defendant must give prompt written notice to all adverse parties and file a copy of the notice with the Clerk of the State court to ensure that the State court will "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d). Removal statutes are to be strictly construed and any doubts as to the removability of an action are to be resolved in favor of remanding the case to state court.  *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).  The party requesting removal has the burden of establishing that removal is proper.  *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir.1989).

Defendant has failed to show that removal is proper in this case.  Defendant has not alleged facts or provided evidence to show that he filed the notice of removal within the thirty days allotted under 28 U.S.C. § 1446.  Defendant also has not demonstrated that he furnished prompt written notice of removal to Plaintiff and the Oakland County Circuit Court as required under 28 U.S.C. § 1446.  The docket reflects that Defendant did not mail a copy of the notice of removal to Plaintiff until November 8, 2010, long after the Oakland County Circuit Court entered its final order. (Docket no. 4).  Furthermore, Defendant claims to have received a scheduling order from the Oakland County Circuit Court on November 6, 2010.  (Docket no. 7, Statement of Facts ¶ 2.52).

Assuming this to be true, then as late as November 6, 2010 Defendant still had not filed a copy of the notice of removal with the Clerk of the State court as was required under 28 U.S.C. § 1446(d).

The attempted removal of this action by Defendant Edward Pennington is procedurally defective. Plaintiff has moved for dismissal of this case. In its final order dated October 20, 2010, the Oakland County Circuit Court instructed the parties that the case would be dismissed after Defendant's funds were disbursed. (Docket no. 5, ex. 7). The record does not reflect whether funds have been disbursed as ordered. In addition, as discussed above, Defendant claims to have received a scheduling order from the State court on November 6, 2010. (Docket no. 7, Statement of Facts ¶ 2.52). In light of the above, the Court recommends that this case be remanded to the Oakland County Circuit Court.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 18, 2011         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Edward Pennington, Carol Pennington, and Counsel of Record on this date.

Dated: May 18, 2011         s/ Lisa C. Bartlett
                            Case Manager