UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

       Plaintiff,

vs.

       Civil Action No. 10-cv-14238
       HON. MARK A. GOLDSMITH

EDWARD PENNINGTON,
CAROL PENNINGTON,
COMERICA BANK,

       Defendants
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION DISMISS, DENYING DEFENDANTS' MOTION FOR A TEMORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION, and REMANDING CASE TO STATE COURT**

**I. Introduction**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Mona Majzoub (Dkt. 10), entered on May 18, 2011. The Magistrate Judge recommends that Plaintiff's motion to dismiss (Dkt. 5) be granted insofar as it seeks a remand to state court and that Defendants Edward and Carol Pennington's motion for a temporary restraining order and/or preliminary injunction (Dkt. 2) be denied. Defendant Edward Pennington has filed objections (Dkt. 11). The Court has reviewed the briefing and comes to the same conclusion as the Magistrate Judge, but for different reasons.

**II. Background**

Defendant Edward Pennington is a state prisoner who was incarcerated at Florence Crane Correctional Facility in Coldwater, Michigan.[1] On August 18, 2010, the Michigan State Treasurer ("State Treasurer") filed suit against Pennington, his wife Carol Pennington, and Comerica Bank in the Oakland County Circuit Court, seeking to recover the costs of Pennington's incarceration pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), Mich. Comp. Laws § 800.401 et seq. Defendant Carol Pennington has power of attorney for Pennington and is the alleged co-owner of a joint account with him at Comerica Bank.

On August 27, 2010, the Oakland County Circuit Court issued an order directing Pennington to show cause why his assets should not be applied to the reimbursement of his cost of incarceration and why he should not be ordered to notify his pension source, General Motors Corporation, of (i) his address at the State correctional facility, and (ii) an ex parte order appointing a receiver and freezing Pennington's assets. Due to an error, a page was missing from the order. Plaintiff claims that a provision contained in the missing page authorized him to have access to a certain minimum amount of money from his accounts, and because the page was erroneously left out, his accounts were frozen in their entirety. Defendant's Response to Motion to Dismiss (Dkt. 7) at 3. A corrected order was issued by the court on September 8, 2010, but apparently his assets remained entirely frozen. Pennington alleges that, due to prison mail delays, he received the corrected order on September 22, 2010.

---

[1] Pennington states in his objections that, due to the closure of that facility, he was transferred to Carson City Correctional Facility in Carson City, Michigan, where he is currently incarcerated.

On October 20, 2010, after a hearing on the show cause order that Pennington did not attend, the Oakland County Circuit Court issued a final order finding that Defendant Edward Pennington and his assets are subject to the SCFRA and ordering disbursement of his assets; this order resolved the last pending claim in the case. (Dkt. 5-7).[2] On October 22, 2010 a notice of removal filed by Defendant Edward Pennington was docketed with this Court. (Dkt. 1).

The State Treasurer contends that this case should be dismissed and remanded to state court because (i) it was removed after a final order of the state court, contrary to 28 U.S.C. § 1446(a), and (ii) it was removed after 30 days of Pennington's receipt of the initial pleading, contrary to 28 U.S.C. § 1446(b). Pennington claims that he timely sent in the removal but was prevented from successfully filing it due to the actions of the state court and the inefficiency of the prison mail service.[3] Pennington asserts that his many communications to Oakland County Circuit Court and this Court were unsuccessfully transmitted because of his frozen account. He claims that his mail was repeatedly returned to him by the prison mail system and/or the USPS due to non-sufficient funds. He claims that by freezing his assets, the court denied him the ability to contest having his assets frozen and contest the SCFRA claims.

---

[2] Pennington asserts that Carol Pennington would have appeared at the hearing but she was advised by the Oakland County Circuit Court that the hearing scheduled for October 20, 2010 was adjourned. Defendants' Response to State Treasurer's Motion to Dismiss (Dkt. 7), Statement of Facts ¶ 2.44.

[3] Pennington asserts that he was served with the (uncorrected) Motion for Order to Show Cause and the Summons and Complaint on September 13, 2010, and that he mailed the notice of removal on October 1, 2010. Pennington's Objections to the R&R (Dkt. 11), Response to Objection #12. Pennington also asserts that he sent removal filings to his attorney two other times, but that these packages never reached the attorney or the Court. Pennington has submitted documents showing that he sent the notice of removal to his attorney on or around September 16, 2010 so that Carol Pennington could sign the document. Defendants' Response to State Treasurer's Motion to Dismiss (Dkt. 7), Ex. L, U, and Statement of Facts ¶ 2.16.

The Magistrate Judge recommended remanding the case to state court. The Magistrate Judge's recommendation was based on her finding that Pennington's removal of the case was procedurally defective because it was untimely. R&R at 4-5. While the Magistrate Judge noted that "any doubts as to the removability of an action are to be resolved in favor of remanding the case to state court," Her Majesty The Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989), this Court is hesitant to remand on these grounds because of the numerous clerical errors evident in the filings.[4] While the Court declines to remand based on procedural defects in the removal, the Court finds that it must remand because it does not have subject matter jurisdiction over this case, for the reasons set forth below.

### III. Discussion

28 U.S.C. § 1441(b) authorizes removal of a civil action for which the Court has original jurisdiction. Defendant alleges that the Court has original federal question jurisdiction on the grounds that SCFRA is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1056(d). "In determining whether a claim arises under federal law for purposes of removal, [a court] must examine the well-pleaded allegations on the face of the complaint and ignore any potential defenses." Paluda v. ThyssenKrupp Budd Co., 303 F. App'x 305, 308 (6th Cir. 2008). The SCFRA claim brought by the State Treasurer arises solely under

---

[4] Even in this Court, filing errors led to increased confusion. It appears that an affidavit by Carol Pennington from the state court case was erroneously filed on November 29, 2010 as a notice of removal, and a new case, with new case number 10-cv-14731, was created after this case was already docketed in this Court. That "case" was remanded to Oakland County Circuit Court for being an improperly formatted removal. Pennington received notice of this remand and filed a motion for reconsideration – but he filed it on this docket, with this case's actual case number, 10-cv-14238 (Dkt. 8). The Magistrate Judge denied that motion for reconsideration (Dkt. 9) on the grounds that the Court has not issued an order of remand, apparently unaware of the second docket.

state law. Accordingly, Pennington's asserted defenses cannot turn this case into one arising under federal law. Chase Manhattan Mortgage Corp. v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007) ("it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'") (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, (1986)).

In his objections, Defendant argues that if state law claims in a complaint are preempted by federal law, those claims may be considered federal in character for the purposes of removal. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 67 (1987). However, state law claims that implicate ERISA funds are only removable "when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan"). Wright v. Gen. Motors Corp., 262 F.3d 610, 613 (6th Cir. 2001) (terming this "complete preemption"). In Metropolitan Life, the plaintiff sued his employer to enforce his rights under the plan. In contrast, the SCFRA claims in this case do not attempt to recover benefits, enforce rights or clarify future benefits under an ERISA plan. Accordingly, Pennington's ERISA defenses do not confer federal jurisdiction.

Defendant relies on DaimlerChrysler Corp. v. Cox, 447 F.3d 967 (6th Cir. 2006), in which the Sixth Circuit held, contrary to the Michigan Supreme Court's ruling in State Treasurer v. Abbott, 660 N.W.2d 714 (Mich. 2003), that it is a violation of ERISA's anti-alienation provision to require a pension source to change a pensioner's address to the pensioner's prison account that the state could access to confiscate to pay for incarceration. DaimlerChrysler Corp., 447 F.3d at 975-976. That case is inapposite. DaimlerChrysler was an original action in federal court by an administrator of a pension plan seeking declaratory relief to avoid following state court notices. See State Treasurer v. Bedwell, 2006 WL 2125460 at *2 (E.D. Mich. July 27, 2006) (in facts identical to the instant case, a prisoner sued by the State Treasurer may not rely on DaimlerChrysler in removing the case to federal court). In cases akin to the instant case,

5

where the State Treasurer has sued a prisoner to collect costs of incarceration under SCFRA, an asserted defense of ERISA preemption has not been deemed sufficient to justify removal to federal court. See, e.g., State Treasurer v. Wilson, No. 07-15025, 2008 WL 506544 (E.D. Mich. February 22, 2008); State Treasurer v. Wilson, No. 2:09-CV-241, 2010 WL 1949569 (W.D. Mich. May 14, 2010).

## IV. Conclusion

For the reasons stated, it is ordered that the State Treasurer's motion to dismiss (Dkt. 5) is granted insofar as it seeks a remand to state court, and Defendants Edward and Carol Pennington's motion for a temporary restraining order and/or preliminary injunction (Dkt. 2) is denied. This case is remanded to Oakland County Circuit Court.

SO ORDERED.

Dated: August 5, 2011  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2011.

s/Deborah J. Goltz

DEBORAH J. GOLTZ

Case Manager